### WHALEN v. OSWALD.

(Supreme Court, Appellate Term. January 7, 1904.)

1. CONTRACTS—MODIFICATION—BURDEN OF PROOF.

Where plaintiff contracted to furnish defendant with room and board for $26 per month and his services as a physician, the burden of proof of a modification of such contract, by which defendant was alleged to have agreed to pay $8 per month for another room and a reasonable price for board, was on plaintiff.

Appeal from City Court of New York, Trial Term.

Action by Mary E. Whalen against Francis L. Oswald. From a judgment of the New York City Court in favor of defendant, and from an order denying plaintiff's motion for a new trial, she appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

George W. Gallinger, for appellant.
Dunphy & Pearsall, for respondent.

FREEDMAN, P. J. The judgment and order appealed from are sought to be reversed on substantially the sole ground that the verdict is against the weight of evidence. No exception to the admission or exclusion of evidence has been called to our attention. If all that was furnished by the plaintiff to the defendant in the way of room hire and board was to be furnished for $26 per month and the professional services of the defendant as a physician to the plaintiff and her family, whenever needed, as contended for by the defendant, then concededly the defendant paid for it, and is not liable for anything beyond it. The burden of establishing that, as claimed by the plaintiff, an additional agreement was made, under which the defendant was to pay $8 per month for an upstairs room and a reasonable amount for table board, was upon the plaintiff, and as to the making of any such additional agreement she was not corroborated by any of her

witnesses, although they did corroborate her as to demands made by her on account of the disputed items.   Upon the whole case and the friendly relations existing between the parties, it cannot be held that the verdict is against the weight of evidence, or preponderates so greatly in favor of the plaintiff that it should be set aside.

The judgment and order should be affirmed, with costs.   All concur.